IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC JOSEPH       : | CIVIL ACTION |
| [AY-5858]        : | |
|                  : | |
| v.               : | |
|                  : | |
| JEFFREY BEARD, et al.   : | NO.  02-2744 |

**O R D E R**

AND NOW, this            day of                        , 2003, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, it is hereby ORDERED that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **DENIED AND DISMISSED AS TIME BARRED** under 28 U.S.C. §2244(d)(1).

There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
HERBERT J. HUTTON,          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC JOSEPH  [AY-5858] | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, et al. | : | NO. 02-2744 |

## REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                    March 27, 2003

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently incarcerated at State Correctional Institution ["SCI"] Frackville, Pennsylvania, where he is serving a life sentence plus 17 to 35 years for first degree murder, robbery and related offenses. For the reasons which follow, it is recommended that the Petition for Writ of Habeas Corpus be denied and dismissed as untimely under 28 U.S.C. §2244(d)(1).

### BACKGROUND[1]

On October 4, 1984, following a jury trial before the Honorable Albert F. Sabo of the Court of Common Pleas in Philadelphia, Mr. Joseph was convicted of first degree murder, robbery, criminal conspiracy, and possession of an instrument of crime. The facts underlying Petitioner's convictions were described by the trial court as follows:

---

[1] The facts in this discussion have been taken from Mr. Joseph's habeas petition, the Commonwealth's response, Petitioner's traverse, and the state court records.

"At approximately 5:00 P.M. on February 22, 1984, the police were called to the scene of a shooting at the Metro Fuel Oil Co. located at 2138 N. 10th Street in Philadelphia. The first officer at the scene, Donald Irons, was directed by employees to a second floor office where he found the victim, William Gambrell, lying on the floor. Gambrell was conscious but bleeding profusely from the chest area. The victim was rushed immediately to Temple University Hospital where he was pronounced dead at 7:30 P.M. An autopsy performed by Dr. Robert L. Catherman of the Medical Examiner's Office on February 23, 1984, revealed the cause of death to be gunshot wounds to the neck and abdomen. The manner of death was determined to be a homicide.

At trial it was established that Adrian Crosby, an employee, was pumping kerosene for a customer in a yard outside the offices of the Metro Fuel Oil Co. at approximately 4:30 P.M. on February 22, 1984. At that time he observed two men, later identified as Eric Joseph and Herbert Lee Baker, walking past the yard gate. When the customer left, the two men came back to the yard gate and pulled guns on Crosby. Joseph placed his gun against Crosby's head while Baker took $150 in cash from his pocket.

The two men ordered Crosby to move inside to the offices where they were joined by a third man wearing a ski mask, later determined to be Mark Mitchell. Once inside, Crosby was ordered to lay on the floor. Joseph and Baker then went into the office of Thomas Dolan while Mitchell, who by this time had also drawn a weapon, stood guard over Crosby. Dolan was ordered to open a safe in the office but told the defendants that he did not know the combination. At this point, Dolan was ordered into the outer room and observed Crosby on the floor being guarded by Mitchell. The defendants took approximately $15 in cash from Dolan.

Dolan was subsequently ordered to go up the stairway to the second floor and was accompanied by Baker and Joseph. The three men proceeded to the office of the manager, William Gambrell. The door to this office was open and Gambrell was seated behind his desk. When the victim looked up, defendant Baker fired two shots striking him in the neck and midsection. Baker asked the bleeding victim for the combination to the safe. Gambrell told him he did not know it. At that point Dolan was ordered to lay on the floor as Baker and Joseph made their escape. When the pair arrived on the first floor, Mitchell inquired as to whether he should kill Crosby, who was still laying on the floor. The three defendants, however, fled the scene and no one else was harmed.

The police interviewed the employees at the scene and also bystanders who were in the neighborhood at the time of the incident. The investigators obtained statements and descriptions of the victim's assailants from various eyewitnesses. These witnesses subsequently identified photographs of Mark A. Mitchell, Eric C.
Joseph and Herbert Lee Baker in displays arranged by the investigators. On the basis of the various eyewitness statements and identifications, Joseph and

Mitchell were arrested on March 4, 1984; Baker was taken into custody on March 7, 1984." *See* Exhibit "A" of the Commonwealth's Response [Docket Entry No. 18], Trial Court opinion dated August 5, 1985 at pp. 1-4.

On January 30, 1985, Judge Sabo denied post-verdict motions and sentenced Petitioner to life for first degree murder, plus consecutive sentences of ten to twenty years for robbery, two and one-half to five years for conspiracy, and two and one-half to five years for possession of an instrument of crime.

Mr. Joseph filed a direct appeal to the Superior Court of Pennsylvania, presenting the following issues:

(1) whether the trial court erred when it permitted the Commonwealth to introduce evidence concerning the shooting of Marcus Argo.
(2) whether the trial court erred when it ruled that the Commonwealth would be permitted to introduce the defendant's prior robbery conviction if he testified in his own behalf.
(3) whether the trial court erred when it denied the defendant's Motion to Sever his case from that of the co-defendants.
(4) whether the trial court erred when it granted the Commonwealth's petition for extension under Pennsylvania Rule of Criminal Procedure 1100.
(5) whether the trial court erred when it incorrectly instructed the jury concerning the issue of the defendant's use of a false name.
(6) whether the trial court erred when it failed to instruct the jury concerning the identification of the defendant made by Commonwealth witness Adrian Crosby.
(7) whether the defendant's sentence is illegal. *See* Exhibit "A" of the Commonwealth's Response, Superior Court opinion dated April 3, 1986 at p. 3.

In an opinion dated April 3, 1986, the Superior Court affirmed the judgments of sentence, concluding that all of Petitioner's appellate issues were meritless.

Mr. Joseph then appealed to the Supreme Court of Pennsylvania, which declined discretionary review on October 7, 1986.

On March 15, 1990, Petitioner filed a *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act ["PCRA"], 42 Pa.C.S.A. §9541 *et seq*. Counsel was appointed to aid Mr. Joseph. He filed an amended PCRA petition, asserting six claims of ineffective assistance of trial counsel in failing to: (1) move for severance of Mr. Joseph's trial from that of his co-defendants, and in failing to obtain the redaction of corroborative and inculpatory material from the co-defendants' statements; (2) litigate a pre-trial motion to suppress an alleged illegal search and seizure; (3) object to the trial court's jury instructions on the robbery and second degree murder charges; (4) object to an erroneous instruction by the Court that the jury could find Petitioner guilty of felony murder even if they determined the homicide was a third degree murder committed during the course of a robbery; and (6) object to trial court's jury charge regarding defendant's decision not to testify at trial and the presumption of innocence.

After oral argument, the PCRA Court found the claims meritless and denied post-conviction relief. *See* Exhibit "C" of the Commonwealth's Answer at pp. 3-4 (the April 9, 1996 Opinion of the PCRA Court).

On April 19, 1996, Mr. Joseph appealed to the Superior Court, raising numerous allegations of ineffective assistance of counsel, as well as a complaint that the PCRA Court erred in correcting a mistake in the trial transcript.[2]

---

[2] Specifically, Mr. Joseph faulted trial counsel for: (1) failing to object to the jury instruction regarding Mr. Joseph's right to remain silent; (2) failing to object to the alibi instruction; (3) failing to object to an erroneous definition of attempted robbery; (4) failing to object to erroneous instructions relating to second and third degree murder; and (5) failing to object to the inadequate redaction of his co-defendant's statement.

In a March 18, 1997 Opinion, the Superior Court affirmed the denial of PCRA relief.

Mr. Joseph sought discretionary review in the Supreme Court of Pennsylvania, presenting the following four questions:

"1. Whether the Superior Court erred in holding that the PCRA Court could alter the trial transcript in the guise of `correcting' a typographical error, where Rule 1926, Pa.R.App.Proc., was not followed, and where the Commonwealth filed no motion to correct the record, and no affidavit as to what actually occurred, and no evidentiary hearing was held, all of which was objected to by Appellant.
2. Whether trial defense counsel rendered ineffective assistance of counsel in failing to object at trial and to raise on appeal, the trial court's instruction to the jury that they were required to draw an adverse inference against the Appellant for his failure to take the stand on his own behalf at trial.
3. Whether trial defense counsel rendered ineffective assistance of counsel in failing to object and to raise on appeal the garbled instructions to the jury on criminal attempt and alibi, which instructions failed to advise the jury of the issues that they were required to determine.
4. Whether trial defense counsel rendered ineffective assistance of counsel in failing to object that the redaction of a co-defendant's statement was an inadequate remedy under Commonwealth v. Oliver, 431 Pa.Super. 1, 635 A.2d 1042 (1993)."

The state Supreme Court declined *allocatur* review on October 17, 1997.

On November 5, 1997, Mr. Joseph filed his first habeas petition in this Court.[3] The issues raised included:

1. "The PCHA Court committed prejudicial error. In *ipse dixit* altering the transcript, without following the rules of appellate procedure, and without any factual basis in the guise of a `correcting' an obvious transcription error."
2. "Trial counsel rendered ineffective assistance of counsel in failing to object to an instruction which required the jury to draw an adverse inference against the appellant for his failure to testify."
3. "Trial defense counsel rendered ineffective assistance of counsel in failing to object to inadequate remedy of redaction of co-defendant's pretrial confession, which provided circumstantial corroboration to the Commonwealth's case against appellant."
4. "The Trial Court denied petitioner a fair trial by admitting crime of other

---

[3] Mr. Joseph's first habeas petition was captioned *Eric Joseph v. James S. Price*, Civil Action No. 97-6793.

matters, which was a shooting unrelated to the present charge. Petitioner was on trial for murder and robbery, the Court allowed the District Attorney to bring in evidence of a shooting. This evidence denied Petitioner the presumption of innocence as the Constitution dictates." *See Joseph v. Price*, C.A. No. 97-6793, Docket Entry No. 3.

By Order dated October 27, 1998, the Honorable Hebert J. Hutton granted Petitioner's request to withdraw his habeas petition, without prejudice to re-file, if appropriate, after state remedies had been exhausted. *Id.,* Docket Entry No. 15.

On October 15, 1998, Mr. Joseph filed his second PCRA petition.

By Order dated February 16, 1999, the Honorable James A. Lineberger of the Philadelphia Court of Common Pleas dismissed this second PCRA petition as untimely filed under 42 Pa.C.S. §9545(b)(1). *See* State Court Records at "D-33".

Petitioner attempted to appeal from the dismissal of his second PCRA petition. PCRA Counsel was appointed, and on January 21, 2001, Judge Lineberger granted Petitioner's motion to appeal *nunc pro tunc* the dismissal of his second PCRA petition. *See* State Court Records.

Petitioner filed a PCRA appeal to the Superior Court on February 21, 2001. *See Commonwealth v. Joseph*, No. 680 EDA 2001, December 28, 2001 Superior Court Opinion at p.3.

By Memorandum and Order dated December 28, 2001, the Superior Court affirmed the dismissal of Petitioner's second PCRA petition as untimely. The Superior Court held that Mr. Joseph's second PCRA petition, filed over eleven years after his judgment of sentence became final (on January 5, 1987), was clearly untimely. Because it did not fall within any of the statutory

exceptions to the PCRA timeliness requirements, the Court concluded that the PCRA Court was

without jurisdiction to entertain Petitioner's second PCRA petition, and had properly dismissed it as untimely. *Id.* at pp.3-5.

Mr. Joseph sought discretionary review in the Pennsylvania Supreme Court. *Allocatur* was denied on April 23, 2002.

On May 5, 2002, Petitioner signed and dated the instant habeas petition. It was filed in this Court on May 7, 2002. Petitioner was directed to re-file his claims on a current habeas form. He did so on May 29, 2002.[4]

As grounds for habeas relief, Petitioner asserts the following claims:

> 1. "The PCHA Court committed prejudicial error. In *ipse dixit* altering the transcript, without following the rules of appellate procedure, and without any basis in the guise of a `correcting' an obvious transcription error."
> 2. "Trial counsel rendered ineffective assistance of counsel in failing to object to an instruction which required the jury to draw an adverse inference against the appellant for his failure to testify."
> 3. "Trial defense counsel rendered ineffective assistance of counsel in failing to object to inadequate remedy of redaction of co-defendants' pretrial confessions, which provided circumstantial corroboration to the Commonwealth's case against appellant."
> 4. "The Trial Court denied petitioner a fair trial by admitting crime of other matters, which was a shooting unrelated to the present charge. Petitioner was on trial for murder and robbery. The Court allowed the District Attorney to bring in evidence of a shooting. This evidence denied Petitioner the presumption of innocence as the Constitution dictates."
> 5. "Trial counsel rendered ineffective assistance in failing to object to a contradictory and confusing instruction on the elements of accomplice and intent charges by the trial court to the jury."
> 6. "The PCRA Court committed prejudicial error by not reviewing fundamental issue on accomplice and intent which amounts to a miscarriage of justice. This is not harmless error and has established cause and prejudice." *See*

---

[4] For the purposes of this Report and Recommendation, under the prison mailbox rule, I will accept the earliest date, May 5, 2002, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

Docket Entry No. 3.[5]

The Commonwealth responded to Mr. Joseph habeas claims, arguing that the present habeas petition is time-barred. *See* Docket Entry No. 18.

Petitioner filed a traverse to the Commonwealth's response, asserting that he is entitled to tolling under AEDPA. Petitioner argues that the AEDPA statute of limitations should be statutorily and/or equitably tolled while his second PCRA petition was pending in the state courts. *See* Docket Entry No. 19.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA" or the "Act"], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions.

One of the amended provisions, 28 U.S.C. §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year from the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. §2244(d)(1).[6]

---

[5] The first four habeas grounds raised in the instant habeas petition are identical to those raised in Mr. Joseph's first habeas petition, which was withdrawn at his request.

[6] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs latest. In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered

In applying the habeas statute of limitations to convictions which became final before AEDPA was signed into law, the Third Circuit has held that habeas petitions filed on or before April 23, 1997, may not be dismissed for failure to comply with §2244(d)(1)'s time limit. *See Burns v Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

In the instant case, Mr. Joseph's state conviction became final on January 7, 1987, when the time for seeking *certiorari* review in the United States Supreme Court expired. *See Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)("Therefore, a state criminal judgment is 'final' (for purposes of collateral attack) at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires."). Because Petitioner's conviction became final before the effective date of AEDPA, he would not have been barred by the statute of limitations from filing a habeas petition on or before April 23, 1997. *See Morris v. Horn*, 187 F.3d 333, 337 (3d Cir. 1999)(AEDPA's one year statute of limitations begins to run on April 24, 1996 (the date of AEDPA's enactment) for a petitioner whose conviction became final before that date).

The AEDPA amendments include a tolling provision for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. §2244(d)(2).

Mr. Joseph's statute of limitations began running on October 18, 1997, when his first

---

through the exercise of due diligence."
     There is nothing in the pleadings before me to suggest that the start date for the statute of limitations period should be permitted to run from a point later in time than the date on which Mr. Joseph's conviction became final.

PCRA petition was no longer pending in the state court forum. It expired on October 18, 1998, one year later. Petitioner did not file this habeas petition until May 5, 2002, over three years beyond the time limit set by §2244(d)(1).

The fact that Petitioner filed an earlier habeas petition, which was withdrawn without prejudice, at his request, does not toll the habeas statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001)("an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. §2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."). Nor does the fact that Petitioner filed a second untimely PCRA petition toll the statute of limitations. *See Carey v. Saffold,* 122 S.Ct. 2134, 2139 (2002)(an untimely application for collateral review is not "properly filed," and does not statutorily toll the habeas limitations period). *See also Phillips v. Vaughn,* No.02-2109, 2003 WL 202472 at * (3d Cir. January 29, 2003)("*Carey* made quite clear that to be deemed 'properly filed,' an application for collateral review in state court must satisfy the state's timeliness requirements.").

§2244's one-year statute of limitations is subject to equitable tolling. However,

"[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' Moreover, to be entitled to equitable tolling, '[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." *Brown v. Shannon*, No. 01-1308, 2003 WL 1215520 at *4 (3d Cir. March 17, 2003)(citations omitted).

Equitable tolling may be appropriate where: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

In the final analysis, federal review, on an equitable basis, of an untimely habeas petition is limited to the "rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id*.

I do not believe that Petitioner was, in any extraordinary way, prevented from asserting his rights, nor do the circumstances in this case present the "rare situation" which demands equitable tolling of the habeas statute. Therefore, Petitioner's untimely habeas petition is not subject to federal review.

## RECOMMENDATION

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED AS TIME-BARRED. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE