IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC JOSEPH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JEFFERY BEARD, et. al. | : | NO. 02-2744 |

**O R D E R**

AND NOW, this 22nd day of May, 2003, upon careful and independent consideration of Petitioner Eric Joseph's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket Nos. 1, 3), the Report and Recommendation of United States Magistrate Judge M. Faith Angell (Docket No. 20), and Petitioner's Objection to the Report and Recommendation (Docket No. 23), IT IS HEREBY ORDERED that:

(1) the Report and Recommendation is **APPROVED AND ADOPTED**;[1]

---

[1]    "[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Martinez v. Chesney, No. Civ.A. 97-6280, 1999 WL 722818, at *1 (E.D. Pa. Sept. 15, 1999) (quoting 28 U.S.C. § 2254(a)). If objections are filed to the Magistrate Judge's report, the district court is require to make a de novo determination of those portions of the report or recommendation to which objections are made. Johnson v. Faus, No. Civ.A. 93-6949, 1994 WL 230179, at *1 (E.D. Pa. May 27, 1994). Although review is de novo, the court is permitted, by statute, to rely upon the magistrate judge's proposed findings to the extent that, within its discretion, it deems proper. Id. (citing States v. Raddatz, 447 U.S. 667, 676 (1980)).
    Magistrate Judge Angell's Report and Recommendation ("R&R") is approved and adopted. The central issue presented in this case is whether the petition is time-barred. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in part, that a one-year limitations period applies to § 2254 petitions. 28 U.S.C. § 2244(d)(1). If direct review of a criminal conviction ended prior to the enactment of the AEDPA's effective date, then the prisoner has one year from April 24, 1996, the AEDPA's effective date, to properly file a habeas petition. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). This limitations period is tolled while an application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). An untimely petition for relief under the Post Conviction Relief Act ("PCRA"), 42 U.S.C. § 9541, is not considered properly filed, and thus does not toll the limitations period for properly filing a habeas petition. See Carey v. Saffold, 122 S. Ct. 2134 (2002).
    In this case, Magistrate Judge Angell correctly concluded that Petitioner's conviction became final on January 7, 1987, after the expiration of the ninety day period, during which he could seek review by the United States Supreme Court. See 42 Pa. C.S.A. § 9545(b)(3). Petitioner's conviction became final before the enactment of the AEDPA, therefore, he had one year from the date of the enactment, or April 23, 1997, to file a timely petition for habeas relief. See

(2) the Petition for Writ of Habeas Corpus (Docket Nos. 1,3) is **DENIED**;

(3) there is no probable cause for the issuance of a Certificate of Appealability; AND

(4) the Clerk of Court shall mark this case **CLOSED.**


BY THE COURT:


_____
HERBERT J. HUTTON, J.

---

Morris v. Horn, 187 F.3d 333, 337 (3d Cir. 1999) (holding where a petitioner's conviction became final before the enactment of the ADEPA, that petitioner's one year, AEDPA statute of limitations begins to run on April 24, 1996). Petitioner, however, timely filed his first PCRA petition on March 15, 1990. This PCRA petition was considered final as of October 17, 1997, when the Supreme Court of Pennsylvania declined allocatur. Petitioner's statute of limitations for AEDPA purposes, therefore, was tolled until October 18, 1997.
    Petitioner filed his first habeas petition in this Court on November 5, 1997. On October 27, 1998, however, this Court granted petitioner's request to withdraw his habeas petition, without prejudice to re-file, if appropriate, after state remedies had been exhausted.
    Petitioner filed a second PCRA claim on October 18, 1999, eleven years after the judgment of sentence became final. This PCRA petition was dismissed as untimely on February 16, 1999 by the Philadelphia Court of Common Pleas. Petitioner appealed the denial of his second PCRA petition. Counsel was appointed and the state court granted petitioner's motion to appeal *nunc pro tunc* the dismissal of his second PCRA petition. On December 28, 2001, the Superior Court affirmed the dismissal of petitioner's second PCRA petition as untimely. The Pennsylvania Supreme Court denied Petitioner's petition for allocatur on April 23, 2002.
    Because Petitioner's second PCRA claim was dismissed as untimely, the period during which the petition was pending in state court did not toll the ADEPA statute of limitations. See Carey v. Saffold, 122 S. Ct. 2134 (2002). The statute of limitations for habeas relief, therefore, began to run on October 18, 1997, when his first PCRA petition was no longer pending in the state court forum. It expired on October 18, 1998. Petitioner did not file this habeas petition until May 5, 2002, over three years beyond the time limit provided under § 2244(d)(1).
    Magistrate Judge Angell also correctly found that Petitioner is not entitled to any equitable tolling arising from his failure to properly address his appeal. Id. at 10-11. Finally, Petitioner's objections fail to raise any new issues for this Court's review. Accordingly, the R&R is approved and adopted by the Court.