### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC JOSEPH | : | CIVIL ACTION |
| v. | : | |
| JEFFERY BEARD, ET AL. | : | NO. 02-2744 |

**ORDER**

_____ AND NOW, this _____ day of July, 2003, upon consideration of Petitioner's Motion for Reconsideration of Habeas Petition Pursuant to Civil Rule 52(b) and Rule 59 (Docket No. 25), and the Government's Un-Docketed Letter Responding Thereto, IT IS HEREBY ORDERED that Petitioner's Motion is **DENIED**.[1]

---

[1]
    Federal Rule of Civil Procedure 52 is inapplicable to the instant motion, which does not concern a trial in any capacity. Rather, the instant motion pertains to the Court's denial of Petitioner's Petition for Writ of Habeas Corpus. Accordingly, Rule 52(b) will not be applied to the instant motion.
    The instant motion arises from this Court denying Petitioner's Petition for Writ of Habeas Corpus as time barred under 28 U.S.C. § 2244(d)(1). See Docket No. 24. Specifically, this Court adopted Magistrate Judge Faith Angell's Report and Recommendation, which found that because Petitioner's second PCRA claim was dismissed as untimely, the period during which the petition was pending in state court did not toll the ADEPA statute of limitations. See Carey v. Saffold, 122 S. Ct. 2134 (2002). See id. Consequently, Petitioner's time to file for habeas relief expired on October 18, 1998. Petitioner did not file this habeas petition until May 5, 2002, over three years beyond the time limit provided under § 2244(d)(1). Moreover, the Court also found that Petitioner was not entitled to equitable tolling. See Docket No. 24.
    "The standards controlling a motion for reconsideration are set forth in Federal Rule of Civil Procedure 59(e) and Local Rule of Civil Procedure 7.1." Vaidya v. Xerox Corp., No. Civ. A. 97-547, 1997 WL 732464, at *1 (E.D. Pa. Nov. 25, 1997). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)). Therefore, a court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." Drake v. Steamfitters Local Union No. 420, No. Civ. A. 97-585, 1998 WL 564886, at *3 (E.D. Pa. Sept. 3, 1998) (citing Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994)).
    Petitioner does not allege that new evidence has become available, nor that there has been a change in controlling law. Petitioner seems to be asserting

BY THE COURT:


_____
HERBERT J. HUTTON, J.

---

that there is a need to prevent manifest injustice, as he never received equitable tolling to file his Writ of Habeas Corpus. Petitioner's claim fails for several reasons.

    The Third Circuit has held:
> Equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' Moreover, to be entitled to equitable tolling, '[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient.

Brown v. Shannon, 322 F.3d 768 (3d Cir. 2003).

    Magistrate Judge Angell correctly found, and this Court agreed, that Petitioner was not entitled to any equitable tolling arising from his failure to properly address his appeal, as federal review of an untimely habeas petition, on an equitable basis, is limited to the "rare situation where equitable tolling is demanding by sound legal principles as well as the interests of justice." Id. at 7-8. No such "rare situation" was presented in the instant case. Moreover, the instant motion is asking nothing more than for this Court "to rethink a decision it has already made." Tobin v. Gen. Elec. Co., Civ. A. No. 95-4003, 1998 WL 31875, at *1 (E.D. Pa. Jan. 27, 1998). As such, Petitioner's Motion for Reconsideration is denied.