IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC JOSEPH           *Petitioner, Pro Se* | : CIVIL ACTION :
: NO. 02-2744 |
| v. | : |
| JEFFREY A. BEARD, *et al.*           *Respondents* | : : |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                    MARCH 27, 2015

## MEMORANDUM OPINION

**INTRODUCTION**

Eric Joseph ("Petitioner") is a state prisoner serving a life sentence and a consecutive cumulative 17-35 years for a conviction of first degree murder, robbery and related offenses. On December 15, 2014, Petitioner, proceeding *pro se*, filed a motion under Federal Rule of Civil Procedure ("Rule") 60(b)(6) essentially requesting to reopen a judgment entered on August 20, 2012, to consider whether the holding in *Cox v. Horn*, 757 F. 3d 113 (3d Cir. 2014),[1] may be invoked as justification for this motion and, ultimately, for consideration of the merits of his underlying claims of ineffective assistance of trial counsel. [ECF 33].

This motion was referred to United States Magistrate Judge M. Faith Angell for a Report and Recommendation ("R&R"). On January 16, 2015, an R&R was issued recommending that Petitioner's Rule 60(b)(6) motion be deemed a successive *habeas corpus* petition and, as such,

---

[1] The *Cox* court essentially held that "for relief to be granted under Rule 60(b)(6), more than the concededly important change of law wrought by *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012), is required; and ultimately, as with any motion for 60(b)(6) relief, what must be shown are "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."

be denied and dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[2] without prejudice to seek authorization from the Third Circuit Court of Appeals to file a successive *habeas* petition pursuant to 28 U.S.C. §2244(b)(4).[3] [ECF 38]. On February 2, 2015, Petitioner filed Objections to the R&R. [ECF 40].

For the reasons stated herein, this Court overrules Petitioner's Objections, approves and adopts the R&R, and denies Petitioner's Rule 60(b)(6) motion.

**PROCEDURAL BACKGROUND**

As in the *Cox* matter, more than 20 years of procedural history has transpired in the Petitioner's journey to arrive at this juncture and, thus, a brief recitation of its history and facts is needed.[4] On October 4, 1984, following a jury trial in state court, Petitioner was convicted of the charges of first degree murder, robbery, criminal conspiracy, and possession of an instrument of crime. Subsequently, Petitioner was sentenced to a minimum life term of imprisonment. Following direct appeals, on January 7, 1987, Petitioner's conviction became final. On March 15, 1990, Petitioner, acting *pro se*, filed a petition for collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A §9541 *et seq*. Counsel, appointed to assist Petitioner, filed an amended PCRA petition which asserted six claims of ineffective assistance of counsel (including claims Petitioner now asserts as new grounds). The PCRA court found the claims meritless and denied the PCRA petition. On April 19, 1996, an appeal of this denial was

---

[2] Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[3] "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. §2244(b)(4).

[4] The facts underlying Petitioner's conviction were fully described in the Report and Recommendation dated March 27, 2003 (March 27, 2003 R&R), and, for the purpose of this Rule 60 motion, need not be repeated here. [ECF 20].

2

heard in Superior Court which raised numerous allegations of ineffective assistance of counsel. On March 18, 1997, the Superior Court affirmed the denial of PCRA relief. Petitioner sought review of the decision to the Supreme Court, which declined *allocator* review on October 17, 1997.

On November 5, 1997, Petitioner filed his first *habeas* petition,[5] but Petitioner voluntarily withdrew it, without prejudice, to exhaust state remedies.[6] Instead, Petitioner filed a second PCRA petition on October 15, 1998, and this judicial process culminated unfavorably for him in April 2002.

On May 7, 2002, Petitioner, acting *pro se*, filed a second *habeas* petition under the current docket number,[7] which was dismissed as untimely by Order dated May 22, 2003, and signed by the Honorable Herbert J. Hutton,[8] who relied on the March 27, 2003 Report and Recommendation submitted by Magistrate Judge M. Faith Angell.[9] Petitioner appealed the dismissal and, on December 24, 2003, the Third Circuit Court of Appeals denied his motion for a certificate of appealability.[10]

Eleven years later, Petitioner, again acting *pro se*, filed the instant Rule 60(b)(6) motion which, as stated, seeks to:

> [R]eopen judgment for the opportunity to consider whether in light of *Cox v. Horn*, at #13-2982 decided by the Third Circuit Court of Appeals on August 7, 2014, recognizing an exception to the procedural-default rule in habeas corpus

---

[5] Petitioner's first habeas petition was captioned *Eric Joseph v. James S. Price*, CIV. A. 97-6793, ECF 1.

[6] *Id.*, ECF 15.

[7] CIV. A. 02-2744, ECF 1.

[8] *Id.*, ECF 24.

[9] *Id.*, ECF 20.

[10] *Id.*, ECF 31.

3

cases with respect to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and may be invoked as justification for reopening the instant judgment to consider the merits of Petitioner's underlying claim of ineffective assistance of trial counsel and whether the ensuing argument supports the existence of an extraordinary circumstance under Federal Rule 60(b)(6).[11]

**LEGAL STANDARD OF REVIEW**

Rule 60 governs the relief from a judgment, order, or proceeding. Fed. R. Civ. P. 60. Specifically, Rule 60(b) is a catch-all provision that authorizes a court to grant relief from a final judgment upon limited grounds, including, *inter alia*, any reason that justifies relief.[12] *See* Rule 60(b)(6); *see also Cox*, 757 F.3d at 120. Courts are directed to dispense their broad powers under Rule 60(b)(6) only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 120 (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). However, a motion labeled "Rule 60(b) motion," which contains one or more "claims" as used in §2244(b) of Title 28, "is in substance a successive *habeas* petition and should be treated accordingly."[13] *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

---

[11] Petitioner's Rule 60(b)(6) Motion 1, ECF 33.

[12] Other grounds include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; and (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Fed. R. Civ. P. 60(b)(1)-(5).

[13] Where a writ of *habeas corpus* petition is involved and referred to a magistrate judge, the district court judge is to make a *de novo* review of the portions of the report and recommendation to which an objection is made. *See* 28 U.S.C. §636(b)(1)(C); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998); *see also* Rule 72(b)(3) ("[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). When undergoing the *de novo* review, the court may accept, reject or modify, in whole or in part, the findings or recommendation made by the magistrate judge. 28 U.S.C. §636(b)(1)(C). Although the review is *de novo*, a court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Jobe v. Bank of America, N.A.*, 2011 U.S. Dist. LEXIS 115426, at *6 (M.D. Pa. Oct. 6, 2011) (citing *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (citations omitted)).

The grant or denial of a Rule 60(b)(6) motion is an equitable matter left to the discretion of the district court. Accordingly, as provided in *Cox*, a court must consider the full measure of any properly presented facts and circumstances attendant to the movant's request and employ a flexible, multifactor approach to Rule 60(b)(6) motions, including those built upon a post-judgment change in the law, that takes into account all the particulars of a movant's case. *See Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 274 (3d Cir. 2002) (noting, in the context of a 60(b)(6) analysis, the propriety of "explicit[ly]" considering "equitable factors" in addition to a change in law); *Lasky v. Cont'l Prods. Corp.,* 804 F.2d 250, 256 (3d Cir. 1986) (citing multiple factors a district court may consider in assessing a motion under 60(b)(6)). The fundamental point of Rule 60(b) is that it provides "a grand reservoir of equitable power to do justice in a particular case." *Hall v. Cmty. Mental Health Ctr.,* 772 F.2d 42, 46 (3d Cir.1985) (internal quotation marks omitted). A movant, of course, bears the burden of establishing entitlement to such equitable relief, which will be granted only under extraordinary circumstances. *Mayberry v. Maroney,* 558 F.2d 1159, 1163 (3d Cir. 1977). The *Cox* Court, however, clearly held that "[i]ntervening developments in the law by themselves *rarely* constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Cox,* 757 F.3d at 121 (quoting *Agostini v. Felton,* 521 U.S. 203, 239 (1997) (emphasis added); *Morris v. Horn,* 187 F.3d 333, 341 (3d Cir. 1999). Further, Rule 60(b) applies in *habeas* proceedings under §2254 only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. *Gonzalez,* 545 U.S. at 529.

Statutory provisions that address the finality of determinations judicially made impose three requirements on second or successive *habeas* petitions. These requirements are: (1) any claim that has already been adjudicated in a previous petition must be dismissed; (2) any claim

that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence; and (3) before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet §2244(b)(2)'s new rule or actual innocence provisions. 28 U.S.C. §2244(b)(1)-(3); *Gonzalez*, 545 U.S. at 529-30. Thus, federal *habeas* courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims which a state court declined to hear because the prisoner failed to abide by a state procedural rule. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 747-748 (1991) (reaffirming that a state procedural default of any federal claim will bar federal *habeas* unless the petitioner demonstrates cause and actual prejudice) (citing *Engle v. Isaac,* 456 U.S. 107, 129 (1982)); *Wainwright v. Sykes,* 433 U.S. 72, 84-85 (1977) ("'[t]here is no reason to … give greater preclusive effect to procedural defaults by federal defendants than to similar defaults by state defendants.'") (quoting *Kaufman v. United States*, 394 U.S. 217, 228 (1969)). However, the doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. *Coleman,* 501 U.S. at 750.

**DISCUSSION**

Petitioner raises five Objections to the R&R, and in support, cites to portions of *Martinez, Cox,* and other case law. Specifically, Petitioner objects to the following portions of the R&R:

(1) that Petitioner's Rule 60(b)(6) motion be construed as a second or successive *habeas* petition;

(2) that Petitioner's previous *habeas* petition was considered and denied on the merits;

(3) that Petitioner does not meet the *Cox v. Horn* standard of relief;

(4) the erroneous implication that Petitioner's ineffective assistance of counsel claims are not sufficiently substantial to militate in favor of equitable relief; and

(5) that Petitioner failed to meet due diligence after the high Court's ruling of *Martinez v. Ryan* and *Cox v. Horn*.

Further, Petitioner defines the issue before this Court as "whether a mere change in law under *Martinez v. Ryan* without any other additional factors qualifies as an 'extraordinary circumstance' to be considered before granting relief pursuant to Fed.R.C.P. 60(b)(6)." The *Cox* court has provided a response to this query; a decision this Court will address below.

As stated, Petitioner's Rule 60(b)(6) motion was referred to a Magistrate Judge for an R&R. Petitioner had an opportunity to file objections, which he did. A court may decline to do a *de novo* review if a party's objections to the R&R merely reiterate issues already presented to the magistrate judge. *See Batchelor v. Rose Tree Media Sch. Dist.*, 2013 WL 1776076, at *4 (E.D. Pa. Mar. 28, 2013), *aff'd*, 759 F.3d 266 (3d Cir. 2014); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (noting a *de novo* review of objections is not appropriate when such review would undermine efficiency of magistrate system); *Morgan v. Astrue*, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (explaining an objecting party must do more than "simply rehash [ ] arguments already raised to the magistrate judge" to warrant *de novo* review); *Nghiem v. Kerestes*, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009) (declining to engage in a duplicative review of objections which rehash arguments previously addressed and dismissed by the magistrate judge).

Here, all of Petitioner's Objections were claims and argument previously made in his Rule 60(b)(6) motion and which have been thoroughly reviewed, addressed and properly decided by the Magistrate Judge. Based upon this case law and the Magistrate Judge's well-reasoned recommendation, this Court need not address objections previously raised before a magistrate judge since to do so would "defeat any benefit of judicial efficiency gained by the report and recommendation process." *Palmer v. Astrue*, 2010 WL 1254266, at *2 (E.D. Pa. Mar. 31, 2010) (quoting *Morgan*, 2009 WL 3541001, at *4). No further discussion is warranted.

However, in the interest of judicial economy, this Court will further elaborate on the reasons Petitioner's Objections are overruled and his motion denied. As stated, Rule 60(b) is a catch-all provision that authorizes a court to grant relief from a final judgment under a limited set of grounds, including, *inter alia*, any reason that justifies relief, but only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 120 (citing *Sawka*, 989 F.2d at 140). As noted by the Magistrate Judge, a motion labeled "Rule 60(b) motion," which contains one or more "claims" as used in §2244(b) of Title 28, "is in substance a successive *habeas* petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531. Thus, Petitioner incorrectly objected to this finding.

Despite finding that Petitioner's Rule 60(b)(6) motion is a successive *habeas* petition and must be dismissed without prejudice, and ending this inquiry, this Court will, instead, analyze Petitioner's remaining Objections to the R&R and the question posed by Petitioner.

As established, in applying the concepts of finality of determinations, this Court must decide whether (1) any claim now being asserted has already been adjudicated in a previous petition, (2) any claim that has not already been adjudicated relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence, and (3)

the petition presents a claim not previously raised that is sufficient to meet §2244(b)(2)'s new rule or actual innocence provisions. 28 U.S.C. §2244(b)(1)-(3); *Gonzalez*, 545 U.S. at 529-30. Here, in seeking to reopen a final judgment, Petitioner claims he is asserting new grounds for *habeas* relief. However, a close reading of his current motion belies Petitioner's assertions. In his numerous state court appeals, including his two PCRA petitions, Petitioner sought review of his claims for ineffective assistance of counsel. His earlier *habeas* petition, presented on similar grounds, was considered and denied on the merits, as time-barred, by Judge Hutton in 2003.[14] In addition, Petitioner has presented no new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence; and Petitioner has not sought or obtained a determination from the court of appeals that he presents a claim not previously raised that is sufficient to meet §2244(b)(2)'s new rule or actual innocence provisions.[15] Under the current procedural posture and pursuant to applicable statutory requirements and case law, this Court agrees with the Magistrate Judge's recommendation that Petitioner's Rule 60(b) motion be treated like a successive *habeas* petition and be dismissed. *See Gonzalez*, 545 U.S. at 531-32 (noting that using Rule 60(b) to present new claims for relief from a state court's judgment of conviction circumvents the Antiterrorism Effective Death Penalty Act's ("AEDPA") substantive requirements as well as the procedural requirement to obtain precertification by the court of appeals prior to filing a successive *habeas* petition). Petitioner's Objection to the Magistrate Judge's finding that Petitioner's previous *habeas* petition was considered and denied on the merits is baseless and is overruled.

---

[14] *See* March 27, 2003 R&R 7; [ECF 24].

[15] Petitioner attempts to bolster his argument by citing Justice Stevens' dissent in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), that "a supervening change in AEDPA procedural law can be the kind of 'extraordinary circumstanc[e],' … that constitutes a 'reason justifying relief from the operation of the judgment' within the meaning of Rule 60(b)(6)." *Id.* at 540-41 (citation omitted). Petitioner's reliance, however, is misplaced, as dissenting opinions are not controlling law.

The Third Circuit in *Cox* addressed the legal question of whether the change in law articulated in *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012), *on remand*, 680 F.3d 1160 (9th Cir. 2012), constitutes extraordinary circumstances which warrants relief under Rule 60(b)(6). The *Martinez* court announced an exception to longstanding precedent and found that, under certain circumstances, and for purposes of *habeas* review, post-conviction counsel's failure to raise ineffective assistance of trial counsel claims could excuse a procedural default of those claims. Hence, the *Cox* court concluded that *Martinez* could be a sufficient basis for reopening final judgments under Rule 60(b)(6) and remanded the case for further equitable evaluation. *See Cox*, 757 F.3d at 120 ("...[W]here state procedural framework ... makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, [the] holding in *Martinez* applies.") (quoting *Trevino v. Thaler*, __ U.S. __, 133 S.Ct. 1911 (2013), *on remand*, 740 F.3d 378 (5th Cir. 2014)). However, the court provided factors for courts to consider when deciding whether a change in law, resulting from *Martinez,* warrants Rule 60(b) relief. These considerations include: (1) whether the 60(b)(6) motion was brought within a reasonable time of the *Martinez* decision; (2) the merits of a petitioner's underlying ineffective assistance of counsel claim which can affect whether relief based on *Martinez* is warranted; (3) whether the conviction and initial federal *habeas* proceeding were only recently completed or ended years ago; and (4) the petitioner's diligence in pursuing review of his ineffective assistance of counsel claim. *Id.* at 115-16, 124-26.

As stated, Petitioner provided little, if any, analysis of how the factors established in *Cox* apply to his motion. Notwithstanding, this Court will undertake the analysis. In considering the first *Cox* factor, whether the 60(b)(6) motion was brought within a reasonable time of the

*Martinez* decision, the court held that timing is a "critical" factor, *id.* at 115-16, and warned that unless a petitioner's Rule 60(b)(6) motion based on *Martinez* was brought within a reasonable time of that decision, the motion will fail. Although Petitioner argues that he "expeditiously" filed for relief, he provides no justification for waiting more than two years after *Martinez* to file his Rule 60(b) motion. Unable to glean from Petitioner's motion or any relevant pleading a justification for this delay, this Court finds that the motion is untimely filed. While not directly on point, this Court looked to *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that a Rule 60(b)(6) motion filed "almost two years" after the final judgment was not filed within a reasonable time) for guidance. Assuming the *Martinez* case to be a starting point (equivalent to the final judgment) to determine the "reasonable time" in which to file the Rule 60 motion, the filing of Petitioner's motion two years after the *Martinez* case was decided is unreasonably late.

    Second, as to whether Petitioner's claims of ineffective assistance of counsel warrant relief, he merely reiterates that "a district court is to assess the merits of an ineffective assistance of counsel claim if it was never considered prior to judgment, *Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 256 n. 10 (3d Cir. 1986), and that a petitioner must demonstrate a "substantial" claim of ineffective assistance of counsel at trial as well as a claim for ineffective assistance by post-conviction counsel, otherwise, the Court need not provide a remedy under 60(b)(6) for claims of dubious merit that only weakly establish ineffective assistance by trial or post-conviction counsel. *Cox*, 757 F.3d at 125." While Petitioner correctly cites to the general principle of the law, his prior *habeas* petition contained claims of ineffective assistance of trial counsel which